### 620.—JOHN A. TAYLOR v. JAMES C. HILL.

In an appeal from an order of seizure and sale, the Supreme Court will limit their examination to the validity of the order.

An order of seizure and sale granted on notes that were prescribed at the date of the order, will be set aside on appeal.

The maxim, *Contra non valentam agere non currit prescriptio,* cannot be invoked by the holder of a promissory no.e to deieat the plea of prescription. Smith *v.* Stewart. 21 An. 67.

APPEAL from the Eighth District Court, parish of St. Landry. *Bailey,* J. *James M. Porter* and *King & Martin* for plaintiff and appellee; *J. M. Moore* for Donnell and Nellson, appellees. *John H. Overton* for defendant and appellant.

WYLY, J. This is an appeal from an order of seizure and sale sued out by the plaintiff against the property of the defendant.

After the property had been sold, but within the twelve months, the defendant took this devolutive appeal.

I. He assigns as errors that the notes secured by the mortgage were prescribed when the order was granted, being more than five years past due;

II. That the notes and mortgages, upon which the order was granted, were not stamped as required by act of Congress, and therefore were inadmissible as evidence;

III. That the sale and adjudication of the property to W. S. Donnell & Co. was illegal and void, vesting no title, because they were first

mortgage creditors and the property was adjudicated to them at a sum exceeding their debt interest and costs, yet the mortgage notes evidencing the indebtedness were neither canceled nor delivered to the appellant, although extinguished and paid by the amount of their bid.

For these reasons the appellant asks that the order of seizure and sale may be reversed, that the sale of his property may be set aside, and that he may be reinvested with possession thereof. He caused the purchasers, W. S. Donnell & Co., also to be made parties to the appeal.

In this appeal, we can only revise the order of seizure and sale granted by the Judge *a quo;* we have not original jurisdiction to consider irregularities in executing the decree occurring subsequent thereto. 6 R. 58.

The appellees, W. S. Donnell & Co., were not parties to the order appealed from, nor were they interested therein, and as to them the appeal must be dismissed.

If the stamps were necessary to make the evidence legal, as urged by the appellant, in the absence of proof to the contrary, we will presume that they were attached to the notes when the order was granted; the District Judge is presumed to have done his duty. Upon the face of the papers the order appears to have been properly granted, being based upon authentic act and authentic evidence.

In reference to the plea of prescription of five years, filed in this Court, we find in the record that it is well taken as to two of the notes, which were more than five years past due when the order was granted.

In reference to the *"contra non valentem,"* etc., doctrine, urged in bar of the prescription pleaded, we have held in the case of Smith *v.* Stewart, 21 A. 67, that it is simply a rule of equity which we cannot permit to set aside the written law expressed in Art. 3505 of the Civil Code. Where there is no express law we can decide according to equity. C. C. 21.

In regard to the act suspending prescription, passed by the so-called Legislature at Shreveport in 1863, invoked by the plaintiff, we can say that it forms no part of the laws of this State. That Legislature was an organization of the rebel government, an illegal body; its members were not acting under the solemnities of an oath to support the Constitution of the United States, and all of its proceedings are illegal and void.

It is therefore ordered, adjudged and decreed that this appeal, as to W. S. Donnell & Co., be dismissed; that the order appealed from be reversed and set aside as to two of the notes declared upon, to wit: the one due twelve months from date, and the other due two years from date, both dated the seventeenth April, 1858, for $2188 14½ each,

with eight per cent. interest per annum on each from date. As thus amended, it is ordered that the order of seizure and sale be affirmed.

It is further ordered that plaintiff pay costs of appeal.